[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14168
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-61557-WPD


AL-GHENA INTERNATIONAL CORP.,
SHAIRCO FOR TRADING INDUSTRY AND CONTRACTING,

Plaintiffs - Appellants,

versus

TALAT RADWAN,
JASON RADWAN,
CORTEZ HOLDING GROUP, INC.,

Defendants – Appellees,

JOHN DOES (1-10),
being fictitious names, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 22, 2017)

Before MARCUS, ANDERSON, and EDMONDSON, Circuit Judges.


PER CURIAM:


Plaintiffs Al-Ghena International Corporation ("Al-Ghena") and Shairco for Trading, Industry, and Contracting ("Shairco"), appeal the district court's entry of final judgment -- in favor of Defendants Talat Radwan, Jason Radwan, and Cortez Holding Group, Inc. -- on Plaintiffs' claim for fraudulent inducement.  The only issue on appeal is whether the district court instructed the jury properly on Defendants' affirmative defense of waiver.  No reversible error has been shown; we affirm.[1]

This appeal arises out of a failed business venture to develop a hotel in Florida.  In Plaintiffs' fifth amended complaint (the operative complaint in this case), Plaintiffs asserted eight claims against Defendants, including a claim for fraudulent inducement.  Briefly stated, Plaintiffs alleged that Defendants knowingly made several false representations and omissions to induce Plaintiffs to invest in the hotel.  Plaintiffs also alleged that their decision to invest was made in reliance on Defendants' misrepresentations and omissions.

---

[1] We conclude that we have subject-matter jurisdiction:  Cortez Property Development, LLC ("CPD") is/was no party to this civil action; in addition, some claims in the complaint (and the claim on appeal) did not purport to be derivative in nature.  For background, see Laker Airways, Inc. v. British Airways, PLC, 182 F.3d 843 (11th Cir. 1999).

In preparation for trial, the parties submitted to the district court proposed jury instructions. Among other things, Defendants proposed a jury instruction on a "waiver" affirmative defense to Plaintiffs' fraudulent inducement claim.[2] Plaintiffs objected to Defendants' proposed waiver instruction on grounds that it was "legally inconsistent" with the court's jury instruction on fraudulent inducement. The district court overruled Plaintiffs' objection but permitted Plaintiffs to submit a renewed written objection. After considering Plaintiffs' written objection and after hearing further argument, the district court agreed to "delete the first sentence of the waiver instruction." Plaintiffs later objected to the revised jury instruction, contending that a clerical error resulted in the wrong sentence being deleted. The

---

[2] Defendants' proposed jury instruction used this language:

> Talat Radwan and Cortez Holding Group, Inc. assert that Al-Ghena and Shairco have waived any claims that Talat Radwan and Cortez Holding Group, Inc. engaged in all alleged fraudulent inducement because Al-Ghena and Shairco failed to conduct due diligence prior to undertaking those activities which they allege give rise to their claims. In order to assert the defense of waiver, Talat Radwan and Cortez Holding Group, Inc. must show:
>
>   1. The existence at the time of the waiver of a right, privilege, advantage, or benefit which may be waived by Shairco or Al-Ghena;
>   2. The actual or constructive knowledge of the right; and
>   3. The intention to relinquish the right.
>
> Waiver of fraud can occur where a party should have discovered the fraud through ordinary diligence. Waiver also may be implied by conduct such as the failure to timely speak out or to act diligently to investigate any alleged fraudulent representation.

3

district court, however, declined to make further changes.[3]  The jury ultimately returned a verdict in favor of Defendants on Plaintiffs' claim for fraudulent inducement, and the district court entered final judgment in accordance with the verdict.

In reviewing the district court's jury instructions, we apply a "deferential standard of review." McCormick v. Aderholt, 293 F.3d 1254, 1260 (11th Cir. 2002).  Under this standard, we consider "whether the jury charges, considered as a whole, sufficiently instructed the jury so that the jurors understood the issues and were not misled." Id.  As long as the district court's instructions reflect accurately the law, the district court has "wide discretion as to the style and wording employed in its instruction." Id.  We will reverse based on an erroneous jury instruction only "if we are left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." Id.

---

[3] Plaintiffs contend on appeal that the district court ruled that the proposed jury instruction was "confusing," "erroneous" or "legally defective."  These allegations are unsupported by the record.  In granting in part Plaintiffs' renewed objection to the waiver instruction, the district court said only -- without elaboration -- "I'm going to delete the first sentence of the waiver instruction."

We also reject Plaintiffs' assertion that the district court failed to revise the jury instruction in accordance with its own ruling.  The record demonstrates that the first sentence of Defendants' proposed jury instruction on waiver was deleted, consistent with the district court's ruling.  That Plaintiffs appear to have misunderstood the district court's oral ruling -- interpreting the court's reference to the "first sentence" to mean the first sentence to which Plaintiffs allegedly objected, instead of the first sentence of the proposed instruction -- does not establish that the district court erred.

We begin by looking at the jury instructions as a whole. The district court first instructed the jury properly about the parties' respective burdens of proof. The district court instructed the jury that Plaintiffs bore the burden of proving "every essential part of their claims by a 'preponderance of the evidence.'" If Plaintiffs failed to prove an essential part of a claim, the court instructed that the jury should find against Plaintiffs on that claim. If the jury determined that Plaintiffs had proved a claim, however, the court instructed the jury that Defendants could still prevail if Defendants could prove an affirmative defense by a preponderance of the evidence. Plaintiffs raise no challenge to this portion of the district court's jury instructions.

About Plaintiffs' fraudulent inducement claim, the district court instructed the jury on each of the required elements that Plaintiffs had to prove by a preponderance of the evidence. In doing so, the district court gave this instruction:

> Al-Ghena and Shairco may rely on a false statement, even though its falsity could have been discovered if Al-Ghena and Shairco had made an investigation. However, Al-Ghena and Shairco may not rely on a false statement if they knew it was false or its falsity was obvious to them.

No party disputes that the district court's jury instruction on fraudulent inducement was an accurate statement of the law.

The district court then instructed the jury that, if the jury found Plaintiffs had proved each element of their fraudulent inducement claim, the jury would then

5

consider Defendants' affirmative defenses.  About Defendants' affirmative defense

of waiver, the district court gave this instruction:

> In order to assert the defense of waiver, Talat Radwan and Cortez Holding Group, Inc. must show:
>
>   1. The existence at the time of the waiver of a right, privilege, advantage, or benefit which may be waived by Shairco or Al-Ghena;
>   2. The actual or constructive knowledge of the right; and
>   3. The intention to relinquish the right.
>
> Waiver of fraud can occur where a party should have discovered the fraud through ordinary diligence.  Waiver also may be implied by conduct such as the failure to timely speak out or to act diligently to investigate any alleged fraudulent representation.

Plaintiffs contend that the jury instruction on waiver -- which Plaintiffs say

instructed the jury that Plaintiffs had a duty to investigate the falsity of Defendants'

statements -- was inconsistent with the court's jury instruction on fraudulent

inducement and, thus, was impermissibly confusing and misleading.  We disagree.

First, the district court's jury instruction on waiver was an accurate

statement of Florida law.  Florida courts have said expressly that "[w]aiver of fraud

can occur where a party should have discovered the fraud through ordinary

diligence."  See Zustrassen v. Stonier, 786 So. 2d 65, 70 (Fla. Dist. Ct. App. 2001).

Moreover, the district court laid out clearly the parties' respective burdens of

proof and the structure of the jury's decision-making process.  The instructions

made clear that, in determining whether Plaintiffs satisfied their burden of proving

the elements of their fraud claim, the jury was not to consider whether Plaintiffs

6

could have discovered the falsity of Defendants' statements through investigation. But, if the jury determined that Plaintiffs satisfied their burden of proof, the jury could then consider -- in determining whether Defendants had satisfied their burden of proving their affirmative defense -- whether Plaintiffs should have discovered the fraud through ordinary diligence.

The jury instructions -- considered as a whole -- were sufficient to ensure that the jurors understood the issues and were not misled.  We are, thus, not "left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations."  See McCormick, 293 F.3d at 1260.

AFFIRMED.